UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS PEDDER,

        Plaintiff,                              Case No. 19-12704

vs.                                          HON. MARK A. GOLDSMITH

PARR STERILE PRODUCTS, LLC,

        Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL (Dkt. 20)**

Plaintiff Douglas Pedder filed this case against his former employer, Defendant Parr Sterile Products, LLC, alleging that Parr breached a contract when it fired Pedder, and that Parr discriminated against him based on his gender. The contract was a "Last Chance Agreement" entered into between Pedder and his employer. This matter is before the Court on Defendant Parr Sterile Products' motion for partial dismissal (Dkt. 20) seeking to dismiss Pedder's breach of contract claim.[1] Parr argues that because Pedder's Last Chance Agreement was made pursuant to a collective bargaining agreement ("CBA"), his breach of contract claim is preempted by § 301 of the Labor Management Relations Act ("LMRA"), and it must be treated as a hybrid action. It argues that Pedder has failed to plead a hybrid action, and that he has not filed a hybrid action within the statute of limitations. Pedder filed a

---

[1] This motion was originally filed by Defendants Endo International PLC and JHP Pharmaceuticals, LLC. However, the Court entered a stipulated order dismissing those defendants and adding Defendant Par Sterile Products, LLC as the proper defendant relating back to the filing of the original complaint (Dkt. 32).

response brief arguing that his contract with Parr does not implicate the CBA and, therefore, he is not required to file a hybrid action (Dkt. 26). Parr filed a reply in support of its motion (Dkt. 28).

The Court does not have the relevant CBA to review to determine whether Pedder's Last Chance Agreement implicates the CBA such that it is preempted by the LMRA. Therefore, as discussed fully below, Parr's motion must be denied.[2]

## I. BACKGROUND

Pedder began working for Parr in January 1995 as a maintenance mechanic and electrician. Am. Compl. ¶ 9 (Dkt. 18). In 2003 and 2006, another employee accused Pedder of sexual harassment. Id. ¶ 10. Based on the 2006 accusation, Pedder entered into a "Last Chance Agreement" ("LCA") with Parr, agreeing that if he were to engage in inappropriate sexually related conduct going forward, he would be subject to termination. Id. ¶¶ 10-11; see also LCA, Ex. 1 to Resp. (Dkt. 20-2); Stip. Order (Dkt. 29) (amending Ex. 1 to Resp. to include second page of LCR).

In 2016, based on a comment Pedder allegedly made to a female vendor, Parr terminated Pedder for violating the LCA. Id. ¶ 16. Three years later, Pedder filed this action, alleging that Parr breached the LCA and subjected him to unlawful gender discrimination in violation of the Elliot-Larsen Civil Rights Act. Parr filed a motion for partial dismissal seeking to dismiss the breach of contract claim under Rule 12(b)(6).

## II. STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive a Rule 12(b)(6) motion, the plaintiff must allege

---

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

2

sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[S]pecific facts are not necessary . . . ."). Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III. ANALYSIS

Parr asserts that Pedder's employment was governed by a CBA entered into between Parr and the United Steelworkers, Local 176. Mot. at 1-2. Parr argues that because Pedder's employment was governed by a CBA, his state law breach of contract claim is preempted by the LMRA, and his claim could only be asserted as a § 301 hybrid action. Parr argues that Pedder has not adequately pleaded a hybrid action in his amended complaint, and that such a claim would be time barred. Mot. at 4-5. Pedder argues that the LCA is a private agreement between himself and Parr that does not implicate § 301, and, therefore, his breach of contract claim does not need to be brought as a hybrid action. Resp. at 7-12. At this stage of litigation, Pedder has the better part of the argument.

A hybrid § 301 claim is "the consolidation of two separate but interdependent actions: one against the employer for breach of the collective-bargaining agreement and one against the union for

breach of the duty of fair representation." Robinson v. Central Brass Mfg. Co., 987 F.2d 1235, 1238-1239 (6th Cir. 1993). The reason two interrelated claims are required is because § 301 preempts any state law claims for breach of a CBA, and most CBAs preclude covered employees from taking their breach of CBA claims to court. Generally, if the record establishes that a CBA exists between an employer and a union that covers the plaintiff employee, the plaintiff must look to "federal labor law for any relief and that his sole remedy, if any, lies not in state law but in the terms of the collective bargaining agreement." Maushund v. Earl C. Smith, Inc., 795 F.2d 589, 590 (6th Cir. 1986). However, recognizing that employees may be left without a remedy if their union does not fairly represent them in the grievance process, the Supreme Court opened a path to court through hybrid actions. Vaca v. Sipes, 386 U.S. 171, 184 (1967).

Section 301's preemption is broad and not strictly limited to direct violations of a CBA. "[T]he Supreme Court has held that Section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." DeCoe v. General Motors Corp., 32 F.3d 212, 216 (6th Cir. 1994). Where a decision on a state law claim "is inextricably intertwined with consideration of the terms of [a] labor contract," and when application of state law to a dispute "requires the interpretation of a [CBA]," those state law claims are also preempted by § 301. Jones v. General Motors Corp., 939 F.2d 380, 383 (6th Cir. 1991) (quoting Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985), and Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988)). "The purpose of this rule is to require that all claims raising issues of labor contract interpretation be decided according to the precepts of federal labor law in order to prevent inconsistent interpretations

4

of the substantive provisions of collective bargaining agreements." Smolarek v. Chrysler Corp., 879 F.2d 1326, 1329 (6th Cir. 1989) (en banc).

The Sixth Circuit has developed the following two-part test to determine whether § 301 preemption applies:

> First, the district court must examine whether proof of the state law claim requires interpretation of the collective bargaining agreement terms . . . . Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no pre-emption. However, if neither or only one criterion is satisfied, section 301 pre-emption is warranted.

DeCoe, 32 F.3d at 216.

Parr argues that courts routinely find that § 301 preempts breach of contract claims based on alleged breaches of LCAs. Mot. at 6-7 (citing cases). However, Parr relies on cases that were resolved by summary judgment and with the benefit of a factual record. See Cotter v. DaimlerChrysler Corp., 87 F. Supp. 2d 746, 748, 758 (E.D. Mich. 2000) (granting summary judgment); see also Winters v. Ford Motor Co., No. 06-cv10263, 2006 WL 3694611, *2, *7 (E.D. Mich. Dec. 12, 2006) (declining to resolve matter under Rule 12(b)(6), and instead reviewing portions of the CBA and granting summary judgment,); Int'l Union of Operating Engineers, Local 351 v. Cooper Nat. Res., Inc., 163 F.3d 916, 917 (5th Cir. 1999) (affirming grant of summary judgment); Bakers Union Factory No. 326 v. ITT Cont'l Baking Co., 749 F.2d 350, 356 (6th Cir. 1984) (reversing grant of summary judgment); Thomas v. LTV Corp., 39 F.3d 611, 614 (5th Cir. 1994) (affirming grant of summary judgment).

On a Rule 12(b)(6) motion, the Court is confined to the pleadings. In this case, the pleadings include the LCA, because it was referred to in the complaint. See Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (explaining that a document referred to in the complaint and central to the plaintiff's claim may be considered on a motion to dismiss without converting the motion to one for summary judgment). However, the Court cannot infer from the LCA all the information necessary to conclude that as a matter of law Pedder's breach of contract claim is

5

preempted by § 301.  Importantly, other than a single photocopied page of the CBA, see Ex. A to Resp. (Dkt. 26-1), the Court has not been presented with the CBA, or at least with all relevant portions of the CBA.  Without the benefit of the CBA, the Court cannot apply the Sixth Circuit's two-part test, i.e., determine whether Pedder's breach of contract claim requires the interpretation of the CBA, or whether the right claimed by Pedder is created by the CBA.[3]

The Court lacks the information necessary to make an informed decision on whether federal law preempts Pedder's breach of contract claim.  Therefore, Parr's motion must be denied.[4]

### IV. CONCLUSION

For the reasons stated above, Parr's motion to dismiss (Dkt. 20) is denied.

SO ORDERED.

Dated: December 21, 2020  
 Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[3] In Parr's reply brief, it asserts that Pedder was precluded from negotiating individually with his employer, because only the union is permitted to negotiate employment terms for bargaining unit members.  Reply at 2-3.  It argues that either the LCA is governed by the CBA and is preempted by § 301, or it is unenforceable because the collective bargaining process prohibits individual negotiations with an employer.  However, Parr did not raise this argument in its motion, and a reply brief is not the proper place to raise entirely new arguments, see Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008).  "'[R]eply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.'"  Id. (quoting Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in original)).  Therefore, the Court will not consider this argument presently.

[4] It would be premature to address the statute of limitations issue raised by Parr, because the applicable limitations period will depend on what claim is properly asserted.  A hybrid claim has a relatively short period, which would likely bar Pedder's claim.  See Local Union 2-2000 United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied-Indus., Chem. & Serv. Workers Int'l Union v. Coca-Cola, 547 F. App'x 707, 711-713 (6th Cir. 2013) (discussing whether union's breach of CBA claim is subject to a six-month or six-year statute of limitations period).  On the other hand, if Pedder's breach of contract claim is not preempted, his claim falls well within Michigan's six-year limitation period for breach of contract claims.  See Mich. Comp. Laws § 600.5807(9) (setting forth default six-year limitations period for breach of contract claims).  Because the Court cannot determine whether Pedder's claim is preempted by § 301, the statute of limitations issue cannot be determined presently.